41. The aforementioned *de facto* policies, practices and/or customs of the CITY, individually and collectively, have been maintained and/or implemented with utter indifference by the CITY and has or have encouraged and/or motivated the DEFENDANTS CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442; CHICAGO POLICE OFFICER BENJAMIN DeYOUNG, STAR #17199, to commit the aforesaid wrongful acts against the Plaintiff, and therefore acted as the direct and proximate cause of the injuries sustained by the Plaintiff.

42. The above acts/omissions of the CITY violated the Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

**COUNT V**

42 U.S.C. § 1983

*MONELL* CLAIM – Chicago Police Failed to Maintain a Proper Early Warning System

43. PLAINTIFF re-alleges and incorporate paragraphs 1-17 above.

44. The City of Chicago has failed to maintain a proper or valid early warning system to detect and intervene with corrective measures officers with multiple CRs and/or who exhibit patterns of potentially adverse performance, attitude and behavior.

45. Defendant, CITY OF CHICAGO, failed to maintain and/or utilize a valid early warning system which would have identified DEFENDANT CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442 as an officer with repeated offenses alleged against him and led to the proper discipline, re-training, supervising or other intervention into his behavior, therefore preventing the shooting from occurring, even though Defendant CITY OF CHICAGO knew or should have known that its system did not work and/or was not proper and that the failure of such would cause and could cause injury to an individual such as PLAINTIFF, KENNETH LEE.

46. Defendant, CITY OF CHICAGO, failed to identify the small fraction of officers with the highest numbers of CRs registered against them, despite knowing that such

identification and proper retraining or discipline could prevent them from committing further acts that would cause and could cause injury to an individual such as Plaintiff.

47. Defendant, CITY OF CHICAGO, failed to identify the small fraction of officers with the highest number of CRs, despite knowing that such failure could cause them to feel they could act with impunity and without fear of retribution.

48. Defendant, CITY OF CHICAGO, failed to identify and/or failed to act on the fact that that DEFENDANT CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442 was in the top fraction of officers with the highest number of CRs, despite knowing that such failure could cause DEFENDANT HUNT to feel he could act with impunity and without fear of retribution or discipline.

49. In the case of *First Midwest Bank v. City of Chicago, et al.*, 14-cv-9665 (N.D. Ill) a federal jury found the City of Chicago failed to maintain an adequate Early Warning System to identify and correct problematic behavior of officers.

50. Defendant, CITY OF CHICAGO, maintained and affirmed agreements with the Chicago Police Department which limited OPS's and IPRA's ability to utilize past complaints in its investigations, hampering their ability to identify patterns in officer misconduct, despite knowing that such failure could prevent officers from committing further acts which would cause injury to individuals such as Plaintiff.

51. The aforementioned de facto practices, policies, and customs of Defendant, individually and collectively, have been maintained and/or implemented with utter indifference by Defendant, and have encouraged and/or motivated DEFENDANT CHICAGO POLICE OFFICERS JAMES HUNT, STAR #11442 and CHICAGO POLICE OFFICER BENJAMIN DeYOUNG, STAR #17199, to commit the aforesaid wrongful act against Plaintiff, and therefore

acted as the direct and proximate causes to the injuries sustained by Plaintiff.

**COUNT VI**
**INDEMNIFICATION**
*(Defendant City of Chicago)*

52. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above.

53. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

54. The DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein such that the City of Chicago is liable therefore.

**REQUEST FOR RELIEF**

55. Plaintiff, KENNETH LEE, respectfully requests that the Court:

a. Enter a judgment in his favor and against all Defendants;

b. Award compensatory damages against all Defendants;

c. Award attorney's fees against all Defendants;

d. Award pre-judgment, and if appropriate, post-judgment interest;

e. Award punitive damages against all Defendant Officers; and

f. Grant any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, KENNETH LEE, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100