IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH LEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER JAMES HUNT, | ) | |
| STAR #11442; CHICAGO POLICE OFFICER | ) | |
| BENJAMIN DeYOUNG, STAR #17199; and | ) | |
| THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES, the PLAINTIFF, KENNETH LEE, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442; CHICAGO POLICE OFFICER BENJAMIN DeYOUNG, STAR #17199, and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. § 1983 for the deprivation of PLAINTIFF's constitutional rights and under Illinois State law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b), because the facts that give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. PLAINTIFF, KENNETH LEE, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. DEFENDANTS, CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442 and CHICAGO POLICE OFFICER BENJAMIN DeYOUNG, STAR #17199, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On July 3, 2018, at approximately 3:30 p.m. the DEFENDANT OFFICERS were travelling eastbound on 77th Street as the PLAINTIFF was attempting to cross the street.

7. As PLAINTIFF was trying to cross 77th Street, the DEFENDANT OFFICERS approached in an unmarked vehicle at a high rate of speed.

8. PLAINTIFF went back on to the curb and the DEFENDANT OFFICERS stopped their vehicle; DEFENDANT OFFICER HUNT, who was the driver, then rolled down his window.

9. PLAINTIFF asked the DEFENDANT OFFICERS if they were intentionally trying to hit him with their police car.

10. DEFENDANT OFFICER HUNT responded by saying he "kills mother fuckers out here."

11. In August of 2014, DEFENDANT OFFICER HUNT fatally shot a 17-yr old in the Chatham neighborhood.

12. After DEFENDANT OFFICER HUNT repeated that "he kills motherfuckers," he then threatened to arrest the PLAINTIFF for walking in the street and video recording him in public with a cell phone.

13. The DEFENDANT OFFICERS proceeded to exit their vehicle and follow the PLAINTIFF into Martin Luther King Jr. Park.

14. While following Plaintiff in the park, DEFENDANT OFFICER HUNT repeatedly antagonized and harassed the PLAINTIFF, including calling him a "retard" and using obscenities in reference to the PLAINTIFF'S mother.

15. After harassing the PLAINTIFF in the park, DEFENDANT OFFICERS eventually arrested the PLAINTIFF and charged him with Aggravated Assault to DEFENDANT OFFICER HUNT.

16. DEFENDANT OFFICERS conspired to cover up the false arrest of the PLAINTIFF by writing false narratives in official police reports, signing false complaints and providing false information to supervisors and prosecutors.

17. On October 11, 2018, all the criminal charges initiated by the DEFENDANT OFFICERS were dismissed by the Cook County State's Attorneys' Office.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention

18. Plaintiff re-alleges and incorporates the factual allegations 1-17 above.

19. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

20. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

21. As a result of the above-described wrongful infringement of the Plaintiff's rights, Plaintiff suffered damages, including but not limited to substantial mental distress and anguish.

## COUNT II
### Conspiracy Section 1983
(All Defendants)

22. PLAINTIFF re-alleges and incorporate paragraphs 1-17 above.

23. DEFENDANT OFFICERS conspired with each other to file false police reports and institute false criminal charges against Plaintiff.

24. The DEFENDANT OFFICERS acted in concert with each other to deprive PLAINTIFF of his rights under Illinois law and his rights guaranteed by the United States Constitution.

25. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the PLAINTIFF.

26. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to substantial mental distress and anguish.

## COUNT III
### Malicious Prosecution
(All Defendants)

27. PLAINTIFF re-alleges and incorporate paragraphs 1-17 above.

28. Plaintiff was improperly subjected to judicial proceedings without probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in favor of the Plaintiff.

29. The DEFENDANTS accused the Plaintiff of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence and made false reports with the intent of exerting influence to institute and continue judicial proceedings.

30. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiff.

31. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

### COUNT IV
42 U.S.C. § 1983
*MONELL* CLAIM – Failure to Investigate; Failure to Discipline; Code of Silence

32. PLAINTIFF re-alleges and incorporate paragraphs 1-17 above.

33. The actions of the DEFENDANT OFFICERS were done pursuant to one or more of the following *de facto* policies, practices and/or customs of the CITY that are so pervasive that they carry the force of law.

34. Specifically, the CITY has a *de facto* policy, practice and/or custom of concealing and/or suppressing officer misconduct, including the abuse of police powers to violate the constitutional rights of citizens by falsely arresting them and instituting false criminal charges against them without probable cause. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to sufficiently investigate allegations of misconduct; failure to accept complaints from citizens against police officers; failure to promptly record witness statements or preserve evidence; failure to properly interview the suspected officer; failure to properly and sufficiently discipline an officer; fabrication of exculpatory evidence or destruction of evidence; and failure to initiate prompt disciplinary procedures related to the alleged misconduct, even when the allegation of misconduct is so obviously true.

35. The CITY also has a *de facto* policy, practice and/or custom of hiring and retaining unqualified officers, and failing to properly train, monitor, discipline and/or supervise its police.

36. Finally, the CITY has a *de facto* policy, practice and/or custom of a "code of silence." This code is an implicit understanding between and among members of the CPD resulting in a refusal

or failure to report instances of misconduct of which they are aware, including the abuse of police powers to violate the constitutional rights of citizens by falsely arresting them and instituting false criminal charges against them without probable cause, despite their obligation to do so as sworn peach officers. This includes police officers who remain silent or give false or misleading information during official investigations into allegations of a fellow officer related to misconduct that occurred in order to protect themselves or their fellow officers from discipline, criminal prosecution or civil liability.

37. In December 2015, Chicago Mayor Rahm Emanuel publicly acknowledged the code of silence within the Chicago Police Department. Mayor Emanuel defined this code of silence or "thin blue line," within the Chicago Police Department as "the tendency to ignore "the tendency to deny, and in some cases, the tendency to cover up the bad actions of colleagues."

38. In April 2016, the City's Police Accountability Task Force ("PATF") found that the code of silence "is institutionalized and reinforced by CPD rules and policies that are also baked into the labor agreements between the various police unions and the City."

39. In the case of *Obrycka v. City of Chicago, et al.*, No. 07-cv-2372 (N.D. Ill.), a federal jury found that as of February 2007 "the City [of Chicago] had a widespread custom and/or practice of failing to investigate and/or discipline its officers and/or code of silence."

40. Individually and collectively, the above described *de facto* policies, practices and/or customs of the CITY proximately result in the culture and endemic attitude among members of the CPD, including the Defendants, CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442 and CHICAGO POLICE OFFICER BENJAMIN DeYOUNG, STAR #17199, that they may engage in misconduct against the citizenry with impunity, and without fear of official consequence; they consider themselves "above the law."

41. The aforementioned *de facto* policies, practices and/or customs of the CITY, individually and collectively, have been maintained and/or implemented with utter indifference by the CITY and has or have encouraged and/or motivated the DEFENDANTS CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442; CHICAGO POLICE OFFICER BENJAMIN DeYOUNG, STAR #17199, to commit the aforesaid wrongful acts against the Plaintiff, and therefore acted as the direct and proximate cause of the injuries sustained by the Plaintiff.

42. The above acts/omissions of the CITY violated the Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

## COUNT V
42 U.S.C. § 1983
*MONELL* CLAIM – Chicago Police Failed to Maintain a Proper Early Warning System

43. PLAINTIFF re-alleges and incorporate paragraphs 1-17 above.

44. The City of Chicago has failed to maintain a proper or valid early warning system to detect and intervene with corrective measures officers with multiple CRs and/or who exhibit patterns of potentially adverse performance, attitude and behavior.

45. Defendant, CITY OF CHICAGO, failed to maintain and/or utilize a valid early warning system which would have identified DEFENDANT CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442 as an officer with repeated offenses alleged against him and led to the proper discipline, re-training, supervising or other intervention into his behavior, therefore preventing the shooting from occurring, even though Defendant CITY OF CHICAGO knew or should have known that its system did not work and/or was not proper and that the failure of such would cause and could cause injury to an individual such as PLAINTIFF, KENNETH LEE.

46. Defendant, CITY OF CHICAGO, failed to identify the small fraction of officers with the highest numbers of CRs registered against them, despite knowing that such

identification and proper retraining or discipline could prevent them from committing further acts that would cause and could cause injury to an individual such as Plaintiff.

47. Defendant, CITY OF CHICAGO, failed to identify the small fraction of officers with the highest number of CRs, despite knowing that such failure could cause them to feel they could act with impunity and without fear of retribution.

48. Defendant, CITY OF CHICAGO, failed to identify and/or failed to act on the fact that that DEFENDANT CHICAGO POLICE OFFICER JAMES HUNT, STAR #11442 was in the top fraction of officers with the highest number of CRs, despite knowing that such failure could cause DEFENDANT HUNT to feel he could act with impunity and without fear of retribution or discipline.

49. In the case of *First Midwest Bank v. City of Chicago, et al.*, 14-cv-9665 (N.D. Ill) a federal jury found the City of Chicago failed to maintain an adequate Early Warning System to identify and correct problematic behavior of officers.

50. Defendant, CITY OF CHICAGO, maintained and affirmed agreements with the Chicago Police Department which limited OPS's and IPRA's ability to utilize past complaints in its investigations, hampering their ability to identify patterns in officer misconduct, despite knowing that such failure could prevent officers from committing further acts which would cause injury to individuals such as Plaintiff.

51. The aforementioned de facto practices, policies, and customs of Defendant, individually and collectively, have been maintained and/or implemented with utter indifference by Defendant, and have encouraged and/or motivated DEFENDANT CHICAGO POLICE OFFICERS JAMES HUNT, STAR #11442 and CHICAGO POLICE OFFICER BENJAMIN DeYOUNG, STAR #17199, to commit the aforesaid wrongful act against Plaintiff, and therefore

acted as the direct and proximate causes to the injuries sustained by Plaintiff.

## COUNT VI
## INDEMNIFICATION
*(Defendant City of Chicago)*

52. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above.

53. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

54. The DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein such that the City of Chicago is liable therefore.

## REQUEST FOR RELIEF

55. Plaintiff, KENNETH LEE, respectfully requests that the Court:

   a. Enter a judgment in his favor and against all Defendants;

   b. Award compensatory damages against all Defendants;

   c. Award attorney's fees against all Defendants;

   d. Award pre-judgment, and if appropriate, post-judgment interest;

   e. Award punitive damages against all Defendant Officers; and

   f. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, KENNETH LEE, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

9

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100

10